

2001 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-16-2001

# Camden County Bd v. Beretta, USA Corp.

Precedential or Non-Precedential:

Docket 01-1051

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2001

Recommended Citation

"Camden County Bd v. Beretta, USA Corp." (2001). *2001 Decisions*. Paper 268.
http://digitalcommons.law.villanova.edu/thirdcircuit_2001/268

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2001 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed November 16, 2001

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-1051

CAMDEN COUNTY BOARD OF CHOSEN FREEHOLDERS,
        Appellant

v.

*BERETTA, U.S.A. CORP.; PIETRO BERETTA; BROWNING
ARMS CO.; BRYCO ARMS, INC.; COLT'S MFG CO., INC.;
DAVIS INDUSTRIES, INC.; GLOCK, INC.; HI-POINT
FIREARMS; H&R 1871 INC.; CARL WALTHER GMBH;
LORCIN ENGINEERING CO., INC.; NAVEGAR, INC.;
PHOENIX ARMS; RAVEN ARMS, INC.; SMITH & WESSON
CORP.; STURM, RUGER AND CO., INC.; FORJAS
TAURUS, S.A.; REPUBLIC ARMS; JOHN DOE
MANUFACTURERS (1-100); JOHN DOE DEALERS (1-100);
JOHN DOE DISTRIBUTORS (1-100)

(*Amended in accordance with Clerk's Order dated
1/26/01)

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

(Dist. Court No. 99-CV-2518 (JBS))
District Court Judge: Jerome B. Simandle

Argued: September 5, 2001

Before: SCIRICA, ALITO, and BARRY, Circuit Judges.

(Filed: November 16, 2001)

DAVID KAIRYS (Argued)
1719 North Broad Street
Philadelphia, PA 19122

PETER NORDBERG
ERIC L. CRAMER
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103

Counsel for Appellant

LAWRENCE S. GREENWALD
(Argued)
Gordon, Feinblatt, Rothman,
 Hoffberger & Hollander
233 East Redwook Street
Baltimore, MD 21202

LOUIS R. MOFFA, JR.
Schnader, Harrison, Segal & Lewis
220 Lake Drive East
Suite 200
Cherry Hill, NJ 08002

Counsel for Appellee Beretta U.S.A.
Corp.

JAMES P. DORR (Argued)
SARAH L. OLSON
ANNE-MARIE M. DEGA
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive
Chicago, IL 60606-1229

Counsel for Appellee Sturm, Ruger &
Co., Inc.

ROBERT E. SCOTT, JR.
Semmes, Bowen & Semmes
250 West Pratt Street
Baltimore, MD 21201

Counsel for Appellee Bryco Arms, Inc.

ALAN E. KRAUS
Latham & Watkins
One Newark Center
P.O. Box 10174, 16th Floor
Newark, NJ 07101

THOMAS E. FENNELL
MICHAEL L. RICE
Jones, Day, Reavis & Pogue
2727 North Harwood Street
Suite 100
Dallas, TX 75266

Counsel for Appellee Colts MFG Co.,
Inc.

JOHN F. RENZULLI
Renzulli & Rutherford
300 East 42nd Street
17th Floor
New York, NY 10017

Counsel for Appellees Glock, Inc.,
Hi-Point Firearms & H&R 1871, Inc.

JOHN L. SLIMM
Marshall, Dennehey, Warner,
 Coleman & Goggin
200 Lake Drive East
Woodland Falls Corporate Park
Suite 300
Cherry Hill, NJ 08002

Counsel for Appellee Phoenix Arms

LOUIS J. DUGHI, JR.
Dughi, Hewit & Palatucci
340 North Avenue
Cranford, NJ 07016

3

JEFFREY S. NELSON
Shook, Hardy & Bacon
1200 Main Street
One Kansas City Place
Kansas City, MO 64105

Counsel for Appellee Smith &
Wesson Corp.

KEVIN C. DECIE
Davis, Saperstein & Salomon, P.C.
375 Cedar Lane
Teaneck, NJ 07666

Counsel for Amicus Curiae City of
Newark

JAMES M. BECK
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799

HUGH F. YOUNG, JR.
Product Liability Advisory
 Council, Inc.
1850 Centennial Park Drive,
 Suite 510
Reston, VA 22091

Counsel for Amicus Curiae Product
Liability Advisory Council, Inc.

OPINION OF THE COURT

PER CURIAM:

The Camden County Board of Chosen Freeholders (hereinafter "Camden County") contends that handgun manufacturers, because of their marketing and distribution policies and practices, are liable under a public nuisance theory for the governmental costs associated with the criminal use of handguns in Camden County. The District Court, in a 53-page opinion, dismissed the complaint. See

4

Camden County Board of Chosen Freeholders v. Beretta U.S.A., Corp., 123 F. Supp. 2d. 245 (D.N.J. 2000). We affirm the order of the District Court.

I.

In its Second Amended Complaint, Camden County alleged that Defendants' conduct -- the marketing and distribution of handguns -- created and contributed to the widespread criminal use of handguns in the County. See Camden County v. Beretta, 123 F. Supp. 2d. at 250. The County invoked three theories of liability: negligence, negligent entrustment, and public nuisance. The County requested several forms of relief, including compensation for the additional costs incurred by the County to abate the alleged public nuisance (costs borne by the County's prosecutor, sheriff, medical examiner, park police, correctional facility, and courts); an injunction requiring the manufacturers to change their marketing and distribution practices; and other compensatory and punitive damages. The manufacturers countered that the County had failed to state claims on which relief could be granted and that, in any event, damages were barred by the municipal cost recovery rule. Moreover, the manufacturers contended that the claims were barred by New Jersey's product liability statute, the Dormant Commerce Clause, and the Due Process Clause.

The District Court rejected all three of Camden County's theories of liability and granted the defendants' motion to dismiss the complaint. It dismissed the two negligence claims after its thorough six-factor analysis found proximate cause lacking. See Camden County v. Beretta, 123 F. Supp. 2d. at 259-64. It also found that the public nuisance claim was defective because the County had not alleged "the required element that the defendants exercised control over the nuisance to be abated." Id. at 266.

On appeal, Camden County has dropped the two negligence claims and pursues only the public nuisance claim. The County alleges that the manufacturers' conduct endangered public safety, health, and peace, and imposed inordinate financial burdens on the County's fisc. It argues

5

that the defendants "knowingly facilitated, participated in, and maintain a handgun distribution system that provides criminals and youth easy access to handguns." Appellant's Brief at 2. Relying on general data about the marketing and distribution of handguns, the County argues that Defendants knowingly created the public nuisance of "criminals and youth with handguns." Appellant's Brief at 3 (emphasis in original).

The County makes the following pertinent factual allegations: the manufacturers release into the market substantially more handguns than they expect to sell to law-abiding purchasers; the manufacturers continue to use certain distribution channels, despite knowing (often from specific crime-gun trace reports produced by the federal Bureau of Alcohol, Tobacco, and Firearms) that those channels regularly yield criminal end-users; the manufacturers do not limit the number, purpose, or frequency of handgun purchases and do not supervise these sales or require their distributors to do so; the manufacturers' contracts with distributors do not penalize distributor practices that facilitate criminal access to handguns; the manufacturers design, produce, and advertise handguns in ways that facilitate sales to and use by criminals; the manufacturers receive significant revenue from the crime market, which in turn generates more sales to law-abiding persons wishing to protect themselves; and the manufacturers fail to take reasonable measures to mitigate the harm to Camden County. Appellant's Brief at 4-5. The County makes no allegation that any manufacturer violated any federal or state statute or regulation governing the manufacture and distribution of firearms, and no direct link is alleged between any manufacturer and any specific criminal act.

The manufacturers respond that the County's factual allegations amount to the following attenuated chain of events: (1) the manufacturers produce firearms at their places of business; (2) they sell the firearms to federally licensed distributors; (3) those distributors sell them to federally licensed dealers; (4) some of the firearms are later diverted by unnamed third parties into an illegal gun market, which spills into Camden County; (5) the diverted

firearms are obtained by unnamed third parties who are not entitled to own or possess them; (6) these firearms are then used in criminal acts that kill and wound County residents; and (7) this harm causes the County to expend resources to prevent or respond to those crimes. Appellees' Brief at 3. The manufacturers note that in this chain, they are six steps removed from the criminal end-users. Moreover, the fourth link in this chain consists of acts committed by intervening third parties who divert some handguns into an illegal market.

II.

Because this appeal presents a question of state law, we do not find it necessary to write at length. In brief, we agree with the District Court that the County has failed to state a valid public nuisance claim under New Jersey law.

A.

A public nuisance is " `an unreasonable interference with a right common to the general public.' " Philadelphia Elec. Co. v. Hercules, Inc. 762 F.2d 303, 315 (3d Cir. 1985) (quoting Restatement (Second) of Torts S 821B(1) (1979)); see also Mayor & Council of Borough of Alpine v. Brewster, 80 A.2d 297, 300 (N.J. 1951). For the interference to be actionable, the defendant must exert a certain degree of control over its source. See New Jersey Dept. of Envt'l Prot. v. Exxon Corp., 376 A.2d 1339, 1349 (N.J. Super. Ct. 1977).

Traditionally, the scope of nuisance claims has been limited to interference connected with real property or infringement of public rights. See W. Page Keeton et al., Prosser and Keeton on Torts S 86 at 617-18 (5th ed. 1984). In this 1984 edition of the hornbook, the authors lamented that "[t]here is perhaps no more impenetrable jungle in the entire law than that which surrounds the word `nuisance.' It has meant all things to all people, and has been applied indiscriminately to everything from an alarming advertisement to a cockroach baked in a pie." Id. at 616. They recommended dismissal of nuisance claims "not connected with land or with any public right, as mere aberration, adding to the vagueness of an already uncertain

7

word. Unless the facts can be brought within one of the two categories mentioned, there is not, with any accurate use of the term, a nuisance." Id. at 618-19. Since that edition, the scope of nuisance law appears to have returned to its more narrow focus on these two traditional areas, as courts "across the nation have begun to refine the types of cases amenable to a nuisance theory." City of Philadelphia v. Beretta, 126 F. Supp. 2d at 909.

Whatever the precise scope of public nuisance law in New Jersey may be, no New Jersey court has ever allowed a public nuisance claim to proceed against manufacturers for lawful products that are lawfully placed in the stream of commerce. On the contrary, the courts have enforced the boundary between the well-developed body of product liability law and public nuisance law. Otherwise, if public nuisance law were permitted to encompass product liability, nuisance law "would become a monster that would devour in one gulp the entire law of tort." Tioga Public Sch. Dist. v. U.S. Gypsum Co., 984 F.2d 915, 921 (8th Cir. 1993). If defective products are not a public nuisance as a matter of law, then the non-defective, lawful products at issue in this case cannot be a nuisance without straining the law to absurdity.

B.

Within the narrower context of similar tort actions against handgun manufacturers around the country, a majority of courts have rejected these claims as a matter of law.1 In a few other courts, the claim was not dismissed

_____

1. See, e.g., Ganim v. Smith & Wesson Corp., 1999 Conn. Super. LEXIS 3330 (Conn. Super. Ct. 1999), aff'd 258 Conn. 313 (2001); Merrill v. Navegar, Inc., 28 P.3d 116 (Cal. 2001); Sills v. Smith & Wesson Corp., 2000 Del. Super. LEXIS 444 (2000), cert. denied, 768 A.2d 471 (Del. 2001); City of Gary, Indiana v. Smith & Wesson Corp., 2001 WL 333111 (Ind. Super. Ct. 2001); Hamilton v. Beretta U.S.A. Corp., et al., 96 N.Y.2d
222 (N.Y. 2001) (answering questions certified from the Second Circuit, which then entered judgment accordingly in Hamilton v. Beretta U.S.A. Corp., et al., 264 F.3d 21 (2d Cir. 2001)); City of Cincinnati v. Beretta U.S.A. Corp., 1999 Ohio Misc. LEXIS 27 (Ohio Com. Pl. 1999), aff'd, 2000 Ohio App. LEXIS 3601 (Ohio Ct. App. 2000); Penelas v. Arms Tech.,

8

outright, but each such case is distinguishable from the instant case.2 To extend public nuisance law to embrace the manufacture of handguns would be unprecedented under New Jersey state law and unprecedented nationwide for an appellate court. See City of Philadelphia , 126 F. Supp. 2d at 910.

Even if public nuisance law could be stretched far enough to encompass the lawful distribution of lawful products, the County has failed to allege that the manufacturers exercise sufficient control over the source of the interference with the public right. The District Court found this to be the "fatal defect" of the County's claim. Camden County v. Beretta, 123 F. Supp. 2d at 266. The County argues that proximate cause, remoteness, and control are not essential to a public nuisance claim, i.e., that conduct that merely contributes to the source of the interference can be sufficient. But the relevant case law shows that, even if the requisite element is not always termed "control," the New Jersey courts in fact require a degree of control by the defendant over the source of the interference that is absent here.3

To connect the manufacture of handguns with municipal crime-fighting costs requires, as noted above, a chain of seven links. This causal chain is simply too attenuated to attribute sufficient control to the manufacturers to make out a public nuisance claim. In the initial steps, the manufacturers produce lawful handguns and make lawful

_____

Inc., 1999 WL 1204353 (Fla. Cir. Ct. 1999), aff'd, 778 So. 2d 1042 (Fla. Dist. Ct. App. 2001); Morial v. Smith & Wesson Corp., 2000 WL 248364 (La. Civ. Dist. Ct. 2000), rev'd, 785 So. 2d 1 (La. 2001); City of Philadelphia v. Beretta U.S.A. Corp., 126 F. Supp. 2d 882 (E.D. Pa. 2000).

2. See White v. Smith & Wesson Corp., 97 F. Supp. 2d 816 (N.D. Ohio 2000) (contradicting the state court's ruling in City of Cincinnati v. Beretta, which was subsequently affirmed on appeal); City of Boston v. Smith & Wesson Corp., 2000 Mass. Super. LEXIS 352 (Mass. Super. Ct. 2000) (characterizing the plaintiffs' legal theory as "extreme" and "unique
in the Commonwealth," id. at *14).

3. See, e.g., Cogliati v. Ecco High Frequency Corp., 456 A.2d 524, 530 (N.J. 1983); Milstrey v. City of Hackensack, 79 A.2d 37 (N.J. 1951).

sales to federally licensed gun distributors, who in turn lawfully sell those handguns to federally licensed dealers. Further down the chain, independent third parties, over whom the manufacturers have no control, divert handguns to unauthorized owners and criminal use. The manufacturers may not be held responsible "without a more tangible showing that the defendants were a direct link the causal chain that resulted in the plaintiffs' injuries, and that the defendants were realistically in a position to prevent the wrongs." Hamilton v. Beretta U.S.A. Corp. et al., 96 N.Y.2d 222, 234 (2001) (finding no duty because gun manufacturers did not control criminals with guns, and injuries were too remote).

A public-nuisance defendant can bring its own conduct or activities at a particular physical site under control. But the limited ability of a defendant to exercise control beyond its sphere of immediate activity may explain why public nuisance law has traditionally been confined to real property and violations of public rights. In the negligence context, this Court recently held that a defendant has no duty to control the misconduct of third parties. See Port Authority v. Arcadian Corp., 189 F.3d 305, 312-17 (3d. Cir. 1999). We agree with the District Court that this logic is equally compelling when applied in the public nuisance context. See Camden County v. Beretta, 123 F. Supp. at 266. If independent third parties cause the nuisance, parties that have not controlled or created the nuisance are not liable. See New Jersey Dept. of Envt'l Prot. v. Exxon Corp., 376 A.2d 1339, 1349 (N.J. Super. Ct. 1977).

Public nuisance is a matter of state law, and the role of a federal court ruling on a matter of state law in a diversity case is to follow the precedents of the state's highest court and predict how that court would decide the issue presented. It is not the role of a federal court to expand or narrow state law in ways not foreshadowed by state precedent. Here, no New Jersey precedents support the County's public nuisance claim or provide a sound basis for predicting that the Supreme Court of New Jersey would find that claim to be valid. While it is of course conceivable that the Supreme Court of New Jersey may someday choose to expand state public nuisance law in the manner that the

10

County urges, we cannot predict at this time that it will do so.

III

Because Camden County failed to state a cognizable public nuisance claim against the gun manufacturers under New Jersey law, the District Court's order dismissing the County's complaint is AFFIRMED.

A True Copy:
Teste:

       Clerk of the United States Court of Appeals
       for the Third Circuit

11